UNITED STATES, Appellee,

v.

Kenneth E. DAVIS, Private, U.S. Army, Appellant.

No. 45,548.

CM 441911.

U.S. Court of Military Appeals.

June 18, 1984.

For Appellant: *Colonel William G. Eckhardt, Captain Rita Carroll,* and *Captain Alan D. Groesbeck* (on petition).

For Appellee: *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Captain Thomas E. Booth,* and *Captain Peter M. Donawick* (on petition).

*Opinion of the Court*

PER CURIAM:

A general court-martial convicted appellant, *inter alia,* of kidnapping a named German national and of robbing the same person of his automobile and of German currency (about 30 Deutsche Marks), in violation of Articles 134 and 122, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 922, respectively. We granted review of two issues, 15 M.J. 455 (1983). They will be dealt with in reverse order.

Each robbery was the subject of a separate specification alleging that it occurred "near Heidelberg ... on or about 0230 hours, 5 July 1981." However, an examination of the record of trial reveals that when appellant and his cohort forced the victim into his own car to drive them around with the intent to steal the car, they had no thought of stealing the money; instead, that intent was formulated and the robbery of the money effected during the course of the excursion. Under these circumstances, the Government did not contravene the admonition in the Manual that "[o]ne transaction, or what is substantially one transaction, should not be made the basis for an unreasonable multiplication of charges against one person." Para. 26*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). First, the two robberies were not "[o]ne transaction or what is substantially one transaction." *See United States v. Baker,* 14 M.J. 361, 366 (C.M.A. 1983). Second, the two robberies do not "stand in the relationship of greater and lesser offenses"; are not "as a matter of fact ... parts of an indivisible crime as a matter of civilian or military law"; and are not merely "different aspects of a continuous course of conduct prohibited by one statutory provision." *See id.* at 366. Factually, this case is distinguishable from the example in paragraph 26*b* of the Manual of unreasonable multiplication where larceny

of several articles at the same time is broken down into separate specifications. Thus, we resolve Issue II adversely to appellant.

In *United States v. Scholten*, 17 M.J. 171 (C.M.A. 1984), we decided that the accused's conviction for kidnapping could be affirmed under the first two clauses of Article 134. In view of the similar circumstances here, Issue I is without merit.

The decision of the United States Army Court of Military Review is affirmed.